IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY ALVERSON, #132431,       )
                                )
        Plaintiff,              )
                                )
    v.                          )   CIVIL ACTION NO. 2:18-CV-409-WKW
                                )
JEFFERSON S. DUNN,              )
                                )
        Defendant               )

## RECOMMENTION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This cause of action is currently pending before the court on a 42 U.S.C. § 1983 complaint filed by Rodney Alverson, an indigent state inmate currently incarcerated at Easterling Correctional Facility.  In the instant complaint, Alverson challenges his exposure at Easterling to second-hand smoke which he believes contains a toxic chemical substance.  Alverson seeks issuance of preliminary injunction requiring that defendant Dunn (i) prevent the chemical substance from entering Easterling, (ii) test the chemical substance to obtain its identity, and (iii) transfer him to a chemical-free facility, i.e., Limestone, if the flow of the substance into Easterling is not stopped. Doc. 2 at 2.

On April 16, 2018, the court entered an order directing the defendant to show cause why Alverson's motion for preliminary injunction should not be granted.  Doc. 6.

Defendant Dunn filed a response to this order on May 1, 2018.  Doc. 14.  Alverson then filed a reply to the defendant's response.  Doc. 19.

Upon review of the motion for preliminary injunction filed by the plaintiff, the defendants' response thereto, plaintiff's reply and well-settled law, the court concludes that the motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Alverson meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the

rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## III. DISCUSSION

In his response to the motion for preliminary injunction, the defendant denies any violation of Alverson's constitutional rights with respect to his alleged exposure to toxic second-hand smoke.  Walter Myers, the warden at Easterling, addresses Alverson's request for injunctive relief, in pertinent part, as follows:

> Inmate Rodney Alverson . . . stated that in the last 4 months 3 inmates have died at Easterling Correctional Facility due to chemical joint use and that there have been numerous fights and stabbings due to the mind-altering effects of the drugs.

> Answer – Two inmates have died at Easterling Correctional Facility this year [but] their cause of death is unknown to me.  Forensic Scientists conducted an autopsy of those inmates, although they are not available to me.  Easterling Correctional Facility's Staff works diligently to eliminate the use of drugs at this facility and to decrease the number of altercations that occur at this institution.

> Inmate Alverson stated that he is being exposed to second-hand smoke, from chemical joints, causing him headaches and diarrhea.
>
> Answer – Inmate Alverson has not requested any treatment from the Health Care Unit for diarrhea nor headaches.
>
> Inmate Alverson said Easterling is not doing anything to stop drugs from coming in the facility.
>
> Answer – Easterling Correctional Facility is a smoke free facility, and no inmates are allowed to legally have tobacco products of any kind or drugs of any kind in their possession.  Easterling's Security Team and K-9 Unit do frequent Institutional Searches and Employee Searches daily to eliminate drug use and contraband at the facility. . . .

Doc. 14-1 at 1.

In his reply, Alverson asserts that he missed a sick call appointment scheduled by medical personnel for his April 9, 2018 sick call request so he "filled out another sick call [request] and is [– as of May 8, 2018 –] waiting to see the Doctor."  Doc. 19 at 2. Alverson further makes the conclusory and unsupported allegation that "[t]he K-9 Dogs ARE NOT trained to detect the no show chemical substance[.]"  Doc. 19 at 2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of the claim for which he seeks injunctive relief.  In addition, with respect to the third factor – balancing potential harm to the parties – this factor weighs more heavily in favor of the defendant as issuance of the requested injunction would interfere with the ability of correctional officials to determine the manner in which to most effectively provide security at Easterling and manage the transfer of inmates between correctional facilities.  Thus, under the circumstances of this case, the court concludes that Alverson

has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of the requested preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff (Doc. No. 2) be DENIED.

2.  This case be referred back the undersigned for additional proceedings as to the claims currently pending before the court.

On or before **June 4, 2018** the plaintiff may file objections to the Recommendation.  Any objection must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive or general objections addressed to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R.

3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of May, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE