IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-409-WKW ) |
| JEFFERSON S. DUNN, | ) ) |
| Defendant | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This cause of action is currently pending before the court on a 42 U.S.C. § 1983 complaint filed by Rodney Alverson, an indigent state inmate currently incarcerated at the Easterling Correctional Facility. In the instant complaint, Alverson, a frequent federal litigant, challenges his exposure at Easterling to second-hand smoke which he believes contains a toxic chemical substance and complains that inmate Deandre Roney has subjected him to sexual assaults and harassment. On April 20, 2018, Alverson filed a motion for protective order in which he requests that the court order the defendants to place him in administrative segregation. Doc. 7 at 2. The court now construes the motion for a protection order to also contain a motion for preliminary injunction.

In accordance with orders issued by the court, the defendants filed responses in opposition to these motions. Docs. 14 & 28. On May 2, 2018, Alverson filed a

---

[1] The documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

document in which he advises that Lt. Thompkins "placed plaintiff into Admin Seg in cell 47#" after Thompkins retrieved his letter regarding the actions of inmate Roney from the PREA box. Doc. 25 at 4. Alverson remains in segregation due to his claims against inmate Roney and pending an investigation of these claims by the I & I Division. Doc. 28-1 at 1. The defendants therefore argue that Alverson's request for relief set forth in his motions for protective order/preliminary injunction — i.e., placement in administrative segregation — is now moot.[2]

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Alverson demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.,* 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the

---

[2]On May 23, 2018, the court denied Alverson's Motion for Leave of the Court for a Temporary Restraining Order or in the Alternative Motion for Preliminary Injunction in which Alverson challenged the conditions in administrative segregation. Doc. 27.

movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001). As for his motion for protective order, Alverson must show "good cause" warranting issuance of such an order. *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1987). To establish good cause, Alverson is required to demonstrate "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id*.

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief and after review of the evidentiary materials filed by the defendants, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of the claim on which he seeks relief.  It is also undisputed that Alverson has been placed in segregation and remains there based on his allegations against inmate Roney, the precise relief sought in the motions for protective order and preliminary injunction.  Based on the foregoing, the court finds that the second factor necessary for preliminary injunctive relief — a substantial threat that Alverson will suffer the requisite irreparable injury absent issuance of a preliminary injunction — does not now exist due to such action.  The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the requested preliminary injunctive relief would adversely impact the ability of correctional officials to determine the proper manner in which to provide security to inmates at Easterling.  Finally, Alverson has failed to present sufficient facts necessary for issuance of a protective order.  In light of the foregoing, the undersigned concludes that the motions for protective order and preliminary injunction are due to be denied.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The motions for protective order and preliminary injunction filed by the plaintiff (Doc. 7) be DENIED.

2. This case be referred back to the undersigned for additional proceedings on the claims challenging the purported presence of a toxic chemical substance at Easterling and the alleged actions of inmate Deandre Roney.

The parties may file objections to the Recommendation on or before **June 15, 2018**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of May, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE