IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DALE ALVERSON #132431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-409-ECM-SMD |
| ) | |
| JEFFERSON S. DUNN and, ) | |
| OFFICER COTTON, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Rodney Dale Alverson (Alverson), an inmate currently confined at the Bullock Correctional Facility, brings this action against Defendant Jefferson S. Dunn, the Commissioner of the Alabama Department of Corrections, and Defendant Cotton, an officer at the Easterling Correctional Facility (Easterling), under 42 U.S.C. § 1983. *Compl.* (Doc. 2) pp. 1–2; *Am. Compl.* (Doc. 7) pp. 2–3. Alverson alleges that, while incarcerated at Easterling, he experienced sexual assault and inhaled harmful second-hand smoke from a chemical that other inmates used to get high. *Compl.* (Doc. 2) p. 2; *Am. Compl.* (Doc. 7) p. 1. He now seeks injunctive and declaratory relief from Defendants Dunn and Cotton. *Compl.* (Doc. 2) p. 2; *Am. Compl.* (Doc. 7) p. 2.

Under Eleventh Circuit precedent, "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011); *see also Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986)

(per curiam). Here, Alverson seeks only declaratory and injunctive relief based on his conditions of confinement at Easterling. Alverson, however, is no longer incarcerated at Easterling. *Notice of Change of Address* (Doc. 30) p. 1. Since filing this suit, he has been transferred to the Bullock Correctional Facility. *Id.* Thus, Alverson's claims are moot.

\* \* \*

The undersigned therefore RECOMMENDS that this case be DISMISSED with prejudice. It is ORDERED that the parties shall file any objections to this Recommendation on or before **September 21, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 7th day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE